```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

ANTWOIN DANIEL,                  }
                                 }
     Plaintiff,                  }
                                 }         CIVIL ACTION NO.
v.                               }         07-AR-2267-S
                                 }
CITATION CORPORATION,            }
                                 }
     Defendant.                  }
```

**MEMORANDUM OPINION**

Before the court is the Rule 12(b)(6) motion of defendant, Citation Corporation ("Citation"), seeking a dismissal of that aspect of the complaint of plaintiff, Antwoin Daniel ("Daniel"), enigmatically alleging retaliation. Citation's motion was placed on the court's regular motion docket of January 22, 2008. Neither party requested oral argument, but Daniel did file a written response. He has not proffered a proposed amendment to his complaint in an effort to meet the pleading requirements that Citation claims he has not met. The court agrees with Citation. The question is not whether Daniel has successfully stated a claim of retaliation, but whether he can do so.

Daniel brings his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. He is black. He was fired by Citation on December 7, 2006. He claims that his firing was an act of racial discrimination. This is the only act he complained of in his EEOC charge. His present complaint

1

includes an amorphous claim of retaliation, as well as supplemental state-law claims of negligent hiring, training, supervision, and retention, none of which are subjects of the 12(b)(6) motion. His claim of retaliation is so vague and conclusary that it fails even the least stringent pleading test.  The complaint does contain an allegation that Citation has a policy of terminating employees and subsequently offering them positions as probationary employees with loss of benefits and pay, but Daniel does not allege that this procedure is aimed only at blacks, or that Citation, as an act of retaliation against **him**, ever offered to reinstate him to a lesser paying position. The EEOC charge he attaches to his complaint was filed on January 23, 2007. Under penalty of perjury, Daniel there charged that the last act of discrimination by Citation against him occurred on December 7, 2006, the date of his termination. He makes no mention of retaliation, much less when a retaliatory act occurred.

*Standard of Review*

Under the Supreme Court's new pleading standard, in order to survive a 12(b)(6) motion, a plaintiff must allege "more than labels and conclusions."  He must allege "enough facts to state a claim to relief that is plausible on its face," and the facts "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, – U.S. —, 127 S. Ct. 1955, 1965 (2007).

*Analysis*

To establish a claim of retaliation under Title VII or § 1981, a plaintiff must allege and prove: 1) that he engaged in statutorily protected expression, 2) that he suffered an adverse employment action, and 3) that there is a causal connection between the two. *Goldsmith v. Bagby Elevator Co.*, – F.3d –, 2008 WL 150585 at * 11 (11th Cir. January 17, 2008). The Supreme Court has defined an adverse employment action in the context of a retaliation claim as an action by an employer that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 126 S. Ct. 2405, 2409 (2006).

Citation points out that Daniel fails to state a cognizable retaliation claim because, *inter alia*, he does not allege that he engaged in any protected expression, much less that any protected expression occurred prior to his termination. In his response to Citation's Rule 12(b)(6) motion, Daniel purports to allege for the first time that he engaged in statutorily protected expression by the filing of a grievance complaining about his termination. The grievance, a copy of which is attached to Daniel's response, was filed on December 11, 2006, two days after he was terminated. What happened to the grievance, if anything, is not alleged. Daniel now claims that he was offered a less desirable position on January 17, 2007, almost a month after he filed his grievance but prior to the

filing of his EEOC charge on January 23, 2007. Daniel now says (again, outside the present complaint) that he attempted to negotiate with Citation but rejected its offer because it refused to return him to his previous higher-paying position. It is hard to understand how offering someone a job that he turns down can be an act of retaliation, but this is apparently what Daniel is inartfully complaining about.

Citation is correct that Daniel's current complaint fails to allege that he engaged in protected expression. The complaint makes no mention of the filing of a grievance. Assuming *arguendo* that the complaint is amended to allege that Daniel engaged in protected expression in the form of filing a grievance, the retaliation claim would still be legally deficient because it fails to allege that Citation took any materially adverse action against Daniel after he filed the grievance.

As a matter of law and logic, there can be no causal connection between Daniel's actual termination (the only adverse employment action alleged in the complaint and in the EEOC charge) and the filing of the grievance that occurred after the termination. *See Hammons v. George C. Wallace State Cmty. Coll.*, 174 Fed. Appx. 459, 464 (11th Cir. 2006) (noting that "at a minimum, [the plaintiff] must show that the adverse act followed the protected conduct"). To the extent that the retaliation claim is based on Daniel's termination, it fails irreparably.

If Citation did not terminate Daniel for his filing of the grievance, something it logically could not have done, Citation must have taken some other adverse action in order for Daniel to mount a claim of retaliation. In his response to Citation's motion, Daniel cryptically suggests that Citation's offer to reinstate him to a less desirable position and refusal to rehire him to his old job is the adverse action that he says constitutes retaliation. The court has already expressed its doubts about such a theory, but Daniel has failed to include any such allegations in his complaint. Until his claim is fully articulated, the court is left to speculate on the viability of a potential retaliation claim.

Not every grievance constitutes expression that is protected by Title VII or § 1981. The grievance that Daniel attaches to his response does not mention race discrimination. It complains only about an alleged misapplication of Plant Rule No. 17. This, on its face, is not protected expression.

Last but far from least, the absence of any claim of retaliation in the EEOC charge is a deficiency that will be hard, if not impossible, to repair by amendment as to the Title VII case.

*Conclusion*

Because Daniel has failed to allege facts sufficient to support a plausible retaliation claim under T*wombley*, Citation's motion will be granted by separate order, but with a right to amend if Daniel believes that the defects outlined above can be cured in

good faith.

DONE this 24th day of January, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE